SAVOY, Judge.
Plaintiff appeals to this Court from an adverse judgment rendered against him in the district court.
Plaintiff sold to defendants a certain parcel of land together with all improvements. The improvements included a net wire fence. The sale was a credit one and plaintiff retained a vendor’s lien and privilege on the property sold. After the sale, defendants purchased from Pelican Fence and Awning Company, Inc., a galvanized chain fence which was kept in position by cement and lime.
Defendants defaulted on their obligation and plaintiff filed a petition praying for recognition of his vendor’s lien proceeding by way of executory process.
Pelican intervened in the suit stating that its lien primed that of plaintiff and asked for a separate appraisal and sale of the fence which it erected on the property. It had removed the original fence when the last fence was installed.
The fence installed by Pelican was sold at Sheriff’s Sale for the sum of $600.00. It was sold separately from the other property which plaintiff had sold to defendants.
Where movable property sold becomes immovable by destination or by nature and still remains in the hands of the purchaser, can be identified, and can be removed without substantial injury to the structure to which it is attached, the vendor’s lien and privilege is still enforceable. Caldwell v. Laurel Grove Co., 175 La. 928, 144 So. 718; Cristina Inv. Corporation v. Gulf Ice Co. (La.App., 1 Cir., 1951), 55 So.2d 685; LSA-C.C. Articles 3227 and 3231.
The law on the subject is clearly set forth in the above cases.
Plaintiff contends that the fence cannot be removed without doing substantial damage to the property upon which he has a vendor’s lien; whereas intervenor states that it can be removed without material loss or loss of value to the materials in the movable or to the real estate.
The only evidence in the case is that of the witness B. B. Thomason. He testified the original fence was without any substantial value, did not contain any gate, and did not serve any useful purpose. Also, that the removal of the fence installed by intervenor would be a simple operation requiring very little expense and there would be very little loss of value.
This testimony is substantiated by the fact the original cost of the fence was $834.00, and that at the Sheriff’s Sale, the fence was sold for $600.00.
This case involves questions of fact. We do not think the trial court committed error in holding in favor of intervenor.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.